IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| LAURIE REYNOLDS, <br><br> Plaintiff, <br><br> v. <br><br> JUDGE HOWARD O. MCGILLIN, et al., <br><br> Defendants. | CIVIL ACTION NO.: 2:24-cv-70 |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. Additionally, I **DENY as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court and **DENY as moot** Plaintiff's Motion for U.S. Marshal to Serve. Docs. 2, 3.

## PLAINTIFF'S CLAIMS[1]

Plaintiff's claims are based on two rulings in the family division of St. Johns County Court in the State of Florida. Doc. 1 at 10. At a hearing on July 19, 2019, Judge John M. Alexander ordered Plaintiff's son into the care and guardianship of Defendant Mark Reynolds.

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Plaintiff attended another hearing on May 14, 2024, with Judge McGillin.  Plaintiff alleges Judge McGillin refused to address her request for the immediate return of her son and advised her that she would need to seek other means to restore her parental rights.  Id.  Plaintiff claims she has never been found unfit or unqualified as a parent and alleges Judge Alexander and Judge McGillin forcibly removed her son without any legal authority or power.  Id.  Plaintiff also asserts the judges' actions "implicate[] culpability in the chain of authority up to and including the Governor, Ron Desantis, who is the chief administrative officer who bears responsibility for actions of all officers of the Florida State Courts."  Id.

Plaintiff also claims Defendant Mark Reynolds colluded with the St. Johns County Court to keep her away from her son.  Id. at 8.  Plaintiff claims Defendant Reynolds filed a case in family court in 2018 as part of an illegal scheme to abduct Plaintiff's son.  Plaintiff states Defendant Reynolds used the case as a legal roadblock to prevent access to her son.  Id.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## DISCUSSION

### I. Plaintiff's Claims Arise Outside the Southern District of Georgia

Plaintiff's claims stem from events occurring outside the Southern District of Georgia. Plaintiff's claims arise from previous litigation in St. Johns County, Florida. All events in Plaintiff's Complaint occurred in the Middle District of Florida. Doc. 1 at 8, 10.

To properly hear a case, a federal court must possess both subject-matter jurisdiction and personal jurisdiction. "Subject-matter jurisdiction is the court's statutory or constitutional power to adjudicate the case." Parsons v. Regna, 847 F. App'x 766 n.8 (11th Cir. 2021) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998)). Federal subject-matter jurisdiction is statutory and generally extends from 28 U.S.C. § 1331 for cases arising under federal law and 28 U.S.C. § 1332 when diversity of citizenship exists between the parties. See Home Depot U.S.A., Inc. v. Jackson, 587 U.S. 435, 437 (2019) (describing these forms of jurisdiction and explaining the rationales for each).

Personal jurisdiction, on the other hand, refers to the Court's authority over the parties themselves. Ruhrgas Ag v. Marathon Oil Co., 526 U.S. 574, 577 (1999). In addition, "[a] plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the

3

initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009).  In this Circuit, "federal courts apply the same two-part analysis in both federal question and diversity cases: a court must have jurisdiction under both the forum state's long arm statute and under the Due Process Clause." Chriswell v. Atl. Records, Civ. Action No. 1:18-cv-05124, 2019 WL 7810812, at *1 (N.D. Ga. June 4, 2019).

Georgia's long arm statute requires a defendant: (1) to have transacted business in the state; (2) to have committed a tortious act or omission in the state; (3) to have committed a tortious injury in the state if the tort-feasor regularly engages in any persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in the state; or (4) to own, use, or possess real property in the state.[2]  O.C.G.A. § 9-10-91(1)–(4).  Due process requires "certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Walden v. Fiore, 571 U.S. 277, 284 (2014) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).  Put another way, "the defendant's suit-related conduct must create a substantial connection with the forum State." Id.

To the extent Plaintiff's claims arise under federal question jurisdiction, Plaintiff fails to allege the Court's personal jurisdiction over any Defendant outside the Southern District of Georgia.  Plaintiff fails to allege any act by any out-of-state Defendant who has any connection whatsoever to Georgia.  Indeed, Plaintiff states that all Defendants reside in Florida, and all of Plaintiff's factual allegations concern events in Florida.  Therefore, based on the face of the Complaint, there is no basis for the exercise of personal jurisdiction over these Defendants, either under the Georgia long-arm statute or the due process clause.

---

[2]  The statute also includes jurisdictional grounds regarding divorce and family law issues, but there is no indication those provisions apply here.  O.C.G.A. § 9-10-91(5), (6).

Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I **DENY as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court. Doc. 2.

II.     **Leave to Appeal** *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. I **DENY as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court and Plaintiff's Motion for U.S. Marshal to Serve. Docs. 2, 3.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not

meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 25th day of February, 2025.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA